1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   TALIB IBN CHRISTENSEN,                    No. CIV S-05-2017-MCE-CMK-P

12                    Plaintiff,

13          vs.                                 <u>ORDER</u>

14   JEANNE WOODFORD, et al.,

15                    Defendants.

16   _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on October

19   6, 2005.

20          The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief".   Fed. R. Civ. P. 8(a)(2).

1

1    This means that claims must be stated simply, concisely, and directly.  See <u>McHenry v. Renne</u>, 84
2    F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if
3    the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which
4    it rests.  See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege
5    with at least some degree of particularity overt acts by specific defendants which support the
6    claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
7    impossible for the court to conduct the screening required by law when the allegations are vague
8    and conclusory.

## I.  BACKGROUND

11       Plaintiff names the following as defendants: Jeanne Woodford; Scott Kernan;
12    Ellen Grant; J. Blumanglag; and R. Greer.  Defendants Woodford, Kernan, and Grant are
13    supervisory officials.  Defendants Blumanglag and Greer are correctional officers.

14       Plaintiff states that he is an orthodox Muslim and that he adheres to religious
15    limitations in all aspects of his life.  Plaintiff claims that, on November 29, 2004, he filed a prison
16    grievance concerning his meals.  Specifically, plaintiff complained that he could not eat the meats
17    being served because they were "Haraam," which plaintiff states means religiously forbidden, and
18    not "Halaal," which plaintiff states means religiously permissible.  In response to his grievance,
19    plaintiff claims that prison officials told him to seek an "alternative entree chrono" which would
20    permit plaintiff to be given vegetarian meals.  Plaintiff states that this response was inadequate
21    because even the vegetarian meals contained "Haraam" meat products and/or derivatives.  As a
22    result, plaintiff states that he appealed the decision on December 30, 2004, and informed prison
23    officials that he would no longer eat the foods made available to him because they were forbidden
24    by his religion.  Plaintiff alleges that, in response to this appeal, defendants Grant and Kernan
25    issued plaintiff a "chrono" allowing him access to vegetarian meals.  Plaintiff appealed this result
26    to defendant Woodford, the Director of the California Department of Corrections, who responded

through subordinate personnel that the food available should be acceptable to Muslims.  Plaintiff alleges that, on January 5, 2005, he submitted a request to have vendors who supply "Halaal" foods added to the "Inmate Quarterly Package" program for the purchase of religiously appropriate foods.  Plaintiff states this request was completely ignored.

Plaintiff also alleges that he was denied access to religious services.  Specifically, plaintiff claims that, on December 17, 2004, he was called to report for his work assignment as a food server.  He reported to work at 1:30 p.m. that day.  Plaintiff states that, at 2:30 p.m., he cleaned himself ritually and put on clean clothes as part of preparing to attend "Jumu'ah," which plaintiff states means religiously mandated prayer.  Plaintiff states that these services are typically over before the 4:00 p.m. institutional meal service.  Plaintiff alleges that, at 2:35 p.m., he was told by defendant Blumanglag that he would not be allowed to leave his work assignment to attend Jumu'ah that day, despite having been told a week earlier when plaintiff accepted his work assignment that there would be no conflict for prisoners who attend Jumu'ah.  Plaintiff states that he refused to continue working because he was required to attend prayer services.  Plaintiff claims that he then went back to his cell to await release to attend Jumu'ah.  When plaintiff's cell door opened he and his cellmates, who are also Muslim, began to leave to attend services.  Plaintiff, however, was stopped at the door and told that he could not leave his cell except to return to his work assignment.  Plaintiff states that he was also told that he would not be allowed to attend any religious services until he had been unassigned from his job duty.  While plaintiff states that he was charged with a disciplinary infraction for refusing to attend his job, he also states that other prison guards nonetheless allowed him to attend religious services.  Plaintiff was found guilty of the rules infraction and sentenced to a loss of good-time credits.

Finally, plaintiff complains about California's administrative appeal system for prisoners.  Specifically, plaintiff claims that prison officials routinely fail to adhere to state regulations and rules in processing prisoner grievances.

Plaintiff states that his complaint raises the following three substantive issues:

1 (1) religious dietary issues; (2) religious service access; and (3) administrative appeals

2 requirements.  Plaintiff seeks monetary damages and various forms of equitable relief.

3

4                                              **II.  DISCUSSION**

5          Plaintiff's complaint suffers from two key defects.  First, the complaint fails to

6 allege a causal link between: (1) defendant Greer and any constitutional violation; and (2) any

7 defendant and plaintiff's claims concerning California's prison grievance process.  Second, as to

8 plaintiff's claim concerning California's prison grievance process, § 1893 does not provide a

9 cause of action for violation of state law.  The complaint otherwise appears to state cognizable

10 free exercise claims based on plaintiff's allegations concerning meals and prayer services.

11          **A.      Causal Link**

12          To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

13 connection or link between the actions of the defendants and the alleged deprivations.  See

14 Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

15 person 'subjects' another to the deprivation of a constitutional right, within the meaning of

16 § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

17 an act which he is legally required to do that causes the deprivation of which complaint is made."

18 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

19 concerning the involvement of official personnel in civil rights violations are not sufficient.  See

20 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

21 specific facts as to each individual defendant's causal role in the alleged constitutional

22 deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

23          Upon review of the complaint, the court cannot find any mention of defendant

24 Greer.  Plaintiff will be provided an opportunity to amend to allege a specific connection between

25 a claimed constitutional violation and this defendant.

26          As to plaintiff's claim concerning California's prison grievance procedures, the

1  complaint does not refer to any named defendant.  Rather, plaintiff's claim is vague and

2  conclusory.  Again, plaintiff will be provided an opportunity to amend the complaint to allege a

3  specific connection to a named defendant.

4          **B.**     **<u>Violation of State Law</u>**

5          Plaintiff's complaint alleges various violations of state law with respect to

6  processing inmate grievances and appeals.  Section 1893, however, does not provide a cause of

7  action based on violations of state law unless the alleged violation is also a violation of a federal

8  constitutional right.  <u>See</u> <u>Ove v. Gwinn</u>, 264 F.3d 817, 824 (9th Cir. 2001).  Plaintiff has not

9  alleged that the alleged state law violations also constitute a federal constitutional violation in

10  some way.  Because the court cannot say for certain that plaintiff will not be able to cure this

11  defect, plaintiff will be provided an opportunity to either amend this claim or omit it.

12

13                            **III.  CONCLUSION**

14          Because it is possible that the deficiencies identified in this order may be cured by

15  amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

16  action.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

17  informed that, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u>

18  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

19  amend, all claims alleged in the original complaint which are not alleged in the amended

20  complaint are waived.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

21  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

22  plaintiff's amended complaint complete.  <u>See</u> Local Rule 15-220.  An amended complaint must be

23  complete in itself without reference to any prior pleading.  <u>See</u> <u>id.</u>

24          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

25  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

26  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

1  each named defendant is involved, and must set forth some affirmative link or connection

2  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

3  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4        Finally, plaintiff is warned that failure to file an amended complaint within the

5  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

6  1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to

7  comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule

8  41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

9        Accordingly, IT IS HEREBY ORDERED that:

10        1.    Plaintiff's complaint, filed on October 6, 2005, is dismissed with leave to

11  amend; and

12        2.    Plaintiff shall file a first amended complaint within 30 days of the date of

13  service of this order.

14

15  DATED:   November 3, 2005.

16

17  _____
    **CRAIG M. KELLISON**

18  UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26