IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TALIB IBN CHRISTENSEN,                       No. CIV S-05-2017-MCE-CMK-P

      Plaintiff,

  vs.                                                               ORDER

JEANNE WOODFORD, et al.,

      Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint (Doc. 14).  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).

        Plaintiff names the following as defendants: Jeanne Woodford; Scott Kernan; Ellen Grant; J. Blumanglag; and Flint.[1]  Defendants Woodford, Kernan, and Grant are supervisory officials.  Defendants Blumanglag and Flint are correctional officers.

        Plaintiff states that he is an orthodox Muslim and that he adheres to religious limitations in all aspects of his life.  Plaintiff claims that, on November 29, 2004, he filed a

---

[1] While plaintiff's original complaint named R. Greer as a defendant, the first amended complaint omits this defendant and, instead, names Lt. Flint as a defendant.  The Clerk of the Court will be directed to terminate R. Greer as a defendant and to add Flint as a defendant.

1

prison grievance concerning his meals. Specifically, plaintiff complained that he could not eat the meats being served because they were "Haraam," which plaintiff states means religiously forbidden, and not "Halaal," which plaintiff states means religiously permissible. In response to his grievance, plaintiff claims that prison officials told him to seek an "alternative entree chrono" which would permit plaintiff to be given vegetarian meals. Plaintiff states that this response was inadequate because even the vegetarian meals contained "Haraam" meat products and/or derivatives. As a result, plaintiff states that he appealed the decision on December 30, 2004, and informed prison officials that he would no longer eat the foods made available to him because they were forbidden by his religion. Plaintiff alleges that, in response to this appeal, defendants Grant and Kernan issued plaintiff a "chrono" allowing him access to vegetarian meals. Plaintiff appealed this result to defendant Woodford, the Director of the California Department of Corrections, who responded through subordinate personnel that the food available should be acceptable to Muslims. Plaintiff alleges that, on January 5, 2005, he submitted a request to have vendors who supply "Halaal" foods added to the "Inmate Quarterly Package" program for the purchase of religiously appropriate foods. Plaintiff states this request was completely ignored.

    Plaintiff also alleges that he was denied access to religious services. Specifically, plaintiff claims that, on December 17, 2004, he was called to report for his work assignment as a food server. He reported to work at 1:30 p.m. that day. Plaintiff states that, at 2:30 p.m., he cleaned himself ritually and put on clean clothes as part of preparing to attend "Jumu'ah," which plaintiff states means religiously mandated prayer. Plaintiff states that these services are typically over before the 4:00 p.m. institutional meal service. Plaintiff alleges that, at 2:35 p.m., he was told by defendant Blumanglag that he would not be allowed to leave his work assignment to attend Jumu'ah that day, despite having been told a week earlier when plaintiff accepted his work assignment that there would be no conflict for prisoners who attend Jumu'ah. Plaintiff states that he refused to continue working because he was required to attend prayer services. Plaintiff claims that he then went back to his cell to await release to attend Jumu'ah. When

plaintiff's cell door opened he and his cellmates, who are also Muslim, began to leave to attend services. Plaintiff, however, was stopped at the door and told that he could not leave his cell except to return to his work assignment. Plaintiff states that he was also told that he would not be allowed to attend any religious services until he had been unassigned from his job duty. While plaintiff states that he was charged with a disciplinary infraction by defendant Flint for refusing to attend his job, he also states that other prison guards nonetheless allowed him to attend religious services. Plaintiff was found guilty of the rules infraction and sentenced to a loss of good-time credits.

These allegations are identical to those set forth in the original complaint.[2]

Plaintiff's original complaint suffered from two key defects. First, the complaint failed to allege a causal link between: (1) defendant Greer and any constitutional violation; and (2) any defendant and plaintiff's claims concerning California's prison grievance process. Second, as to plaintiff's claim concerning California's prison grievance process, § 1983 does not provide a cause of action for violation of state law. The original complaint otherwise appeared to state cognizable free exercise claims based on plaintiff's allegations concerning meals and prayer services. Plaintiff has abandoned his claim concerning the prison grievance process. Plaintiff has also deleted defendant Greer from the action by not naming this defendant in the amended complaint. Given that the amended complaint's substantive allegations concerning meals and prayer services are identical to those set forth in the original complaint, and because those allegations appear to state cognizable free exercise claims, the amended complaint is appropriate for service. If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, will direct service by the U.S. Marshal

---

[2] In the original complaint, plaintiff also complained about California's administrative appeal system for prisoners. Specifically, plaintiff claimed that prison officials routinely fail to adhere to state regulations and rules in processing prisoner grievances. This allegation has been deleted entirely from the amended complaint and, therefore, are no longer before the court.

without pre-payment of costs.  Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal of the action.  See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to terminate R. Greer as a defendant to this action and to add Flint as a defendant;

2. Service is appropriate for the following defendant(s):

   WOODFORD,

   KERNAN,

   GRANT,

   BLUMANGLAG, and

   FLINT;

3. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the first amended; and

4. Within 30 days of the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. Five completed USM-285 form(s); and

   d. Six copies of the endorsed first amended complaint.

DATED: September 28, 2006.

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

4

1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**
7
  TALIB IBN CHRISTENSEN,                     No. CIV S-05-2017-MCE-CMK-P
8           Plaintiff,
       vs.
9 JEANNE WOODFORD, et al.,
            Defendants.
10
                                  /
11                   NOTICE OF SUBMISSION OF DOCUMENTS
            Plaintiff hereby submits the following documents in compliance with the court's
12 order:
            __1__       completed summons form;
13          _____       completed USM-285 form(s); and
                        copies of the first amended complaint.
14          _____
   DATED: _____       _____
15                                             Plaintiff
16
17
18
19
20
21
22
23
24
25
26

                                        5